1

## FACE PAGE—INTRODUCTION

## UNITED STATES DISTRICT COURT
## DISTRICT OF

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the Jury:

Now that you have heard all of the evidence and the argument of counsel, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

2

**Exhibit "B"**

## 2B

# DUTY TO FOLLOW INSTRUCTIONS
# (CORPORATE PARTY INVOLVED)

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as is a private individual. The law is no respecter of persons, and all persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

BESSIE SPRIGGINS                                                        PLAINTIFF

vs.                                                CIVIL ACTION NO. 3:14cv132 HTW-LRA

MAGNOLIA HILL, LLC D/B/A
RIVERWALK CASINO HOTEL, LLC;
AND JOHN DOES 1-3                                                      DEFENDANTS

## JURY INSTRUCTION NO. _____

The Court instructs you that in considering the issues submitted to you, you must not be swayed by sympathy for the Plaintiff and sympathy must not enter into your verdict, but your verdict must be based solely on the law as given to you by the Court and the evidence presented to you. You, the jurors, must not be swayed or influenced by the natural sympathy that all persons feel for one who has been injured. If you allow any sympathy for the Plaintiff to influence your verdict, then you would be violating your oath as jurors.

The Court further instructs you that sympathy must not enter into your verdict, because your verdict should be based solely upon the evidence presented to you and the instructions of this Court, and the burden at all times rests upon the Plaintiff to prove to you by a preponderance of the credible evidence that the Defendant was negligent and, further, that such negligence, if any, was a proximate contributing cause of Plaintiffs damages, if any, and unless the Plaintiff has so proven, then it is your sworn duty to return a verdict for the Defendant.

D-8

Authority for Instruction No. ___

Mississippi Model Jury Instructions § 1:9

{D0784883.1}
D0784883.1

## 3B

## CONSIDERATION OF THE EVIDENCE, ETC. (CORPORATE PARTY—AGENTS AND EMPLOYEES)

When a corporation is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee of a corporation may bind the corporation by his acts and declarations made while acting within the scope of his authority delegated to him by the corporation, or within the scope of his duties as an employee of the corporation.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

6

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**BESSIE SPRIGGINS**                                         **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO. 3:14cv132 HTW-LRA**

**MAGNOLIA HILL, LLC D/B/A**
**RIVERWALK CASINO HOTEL, LLC;**
**AND JOHN DOES 1-3**                                        **DEFENDANTS**

JURY INSTRUCTION NO. P 6

A principal is responsible for the acts of his/her agent done within the scope of his/her employment and within the line of his/her duties, even though such acts are contrary to the principal's express instructions.

## 6

## EXPERT WITNESSES

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

## 7A

## BURDEN OF PROOF
### (GENERALLY)

The burden is on the Plaintiff in a civil action such as this to prove every essential element of his claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of Plaintiff's claim by a preponderance of the evidence, the jury should find for the Defendant as to that claim.

BESSIE SPRIGGINS                                                    PLAINTIFF

vs.                                              CIVIL ACTION NO. 3:14cv132 HTW-LRA

MAGNOLIA HILL, LLC D/B/A
RIVERWALK CASINO HOTEL, LLC;
AND JOHN DOES 1-3                                                   DEFENDANTS

### JURY INSTRUCTION NO. _____

The Court instructs you that in order for the Plaintiff to recover from the Defendant, she

must prove by a preponderance of the credible evidence that the Defendant was negligent, and

that such negligence, if any, was the proximate cause, or contributing cause, of her injuries and

damages, if any.

D-11

Authority for Instruction No. _____

*Glover v. Jackson State Univ.*, 968 So. 2d 1267, 1277 (Miss. 2007)
*Donald v. AMOCO Prod. Co.*, 735 So. 2d 161, 174 (Miss. 1999)

D-11

BESSIE SPRIGGINS                                                    PLAINTIFF

VS.                                         CIVIL ACTION NO. 3:14cv132 HTW-LRA

MAGNOLIA HILL, LLC D/B/A
RIVERWALK CASINO HOTEL, LLC;
AND JOHN DOES 1-3                                                   DEFENDANTS

JURY INSTRUCTION NO. P 9

An element, or test, of proximate cause is that an ordinarily prudent person should reasonably have foreseen that some injury might probably occur as a result of his negligence. It is not necessary to foresee the particular injury, the particular manner of the injury, or the extent of the injury.

BESSIE SPRIGGINS                                                PLAINTIFF

vs.                                        CIVIL ACTION NO. 3:14cv132 HTW-LRA

MAGNOLIA HILL, LLC D/B/A
RIVERWALK CASINO HOTEL, LLC;
AND JOHN DOES 1-3                                              DEFENDANTS

## JURY INSTRUCTION NO. _____

The burden is on the plaintiff in a civil action such as this to prove every essential element of their claims by a "preponderance of the evidence." Preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of the plaintiff's claims by a preponderance of the evidence, the jury should find for Magnolia Hill, LLC.

D-3

Authority for Instruction No. _____

*Tate v. Southern Jitney Jungle Company,* 650 So. 2d 1347 (Miss. 1995)
*McGovern v. Scarborough,* 566 So. 2d 1225 (Miss. 1990)
*Kroger, Inc. v. Ware,* 512 So. 2d 1281 (Miss. 1987)
*Rucker v. Hopkins,* 499 So. 2d 766, 769 (Miss. 1986)
*Breaux v. Grand Casinos of Miss., Inc.* 854 So. 2d 1093, 1097-1098 (Miss. Ct. App. 2003)

{D0784883.1}
D0784883.1

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

BESSIE SPRIGGINS                                 PLAINTIFF

vs.                      CIVIL ACTION NO. 3:14cv132 HTW-LRA

MAGNOLIA HILL, LLC D/B/A
RIVERWALK CASINO HOTEL, LLC;
AND JOHN DOES 1-3                            DEFENDANTS

## JURY INSTRUCTION NO. ____

The Court instructs the jury that the fact that the Defendant is a business entity should not *whereas as would give some unequal position of the parties.* enter into your deliberations. This case should be considered and

decided by you as an action between individual persons of equal standing in the community and

holding the same or similar stations in life. Limited liability companies, such as Magnolia Hill,

LLC are entitled to the same fair trial at your hands as are individuals such as the Plaintiff. The

law is no respecter of persons, and all persons, including limited liability companies, stand equal

before the law and are to be dealt with as equals in a court of justice. For you to allow the fact

that the Defendant is a business entity to enter into your deliberations in any way whatsoever

would be a violation of your oath as jurors.

D-6

Authority for Instruction No. ___

Mississippi Model Jury Instructions, § 1:21
Fifth Circuit Pattern Jury Instructions (2016), § 2:16

{D0784883.1}
D0784883.1

BESSIE SPRIGGINS                                             PLAINTIFF

vs.                                    CIVIL ACTION NO. 3:14cv132 HTW-LRA

MAGNOLIA HILL, LLC D/B/A
RIVERWALK CASINO HOTEL, LLC;
AND JOHN DOES 1-3                                           DEFENDANTS

### JURY INSTRUCTION NO. ____

You are instructed that the law in this state does not impose a duty upon a business to maintain its premises in a perfect condition or to provide perfect protection against accidents. A business does not have a duty to guarantee or ensure the safety of its patrons. Further, the law does not require a business to guarantee that its premises will be absolutely free at all times of dangerous conditions. You are further instructed that the duty owed by Magnolia Hill, LLC to the plaintiff is only to use reasonable care in maintaining its premises in a reasonably safe condition, and when the premises are not reasonably safe to warn only where there is a hidden danger or peril which was not readily apparent to plaintiff and which the defendant knew of or should have known of, in the exercise of reasonable care. Thus, if the plaintiff has not proved by a preponderance of the evidence that Magnolia Hill, LLC failed to maintain its premises in a reasonably safe condition, then you must return a verdict for defendant.

To prove that Magnolia Hill, LLC failed to maintain its premises in a reasonably safe condition, plaintiff must prove, by a preponderance of the evidence that:

D-4

{D0784883.1}
D0784883.1

1. That there was a slippery substance on Magnolia Hill, LLC's premises on February 14, 2013;

2. That if there was a slippery substance on Magnolia Hill, LLC's premises on February 14, 2013, the presence of said substance was an unreasonably dangerous condition;

3. That the slippery substance was a hidden danger or peril that was not readily apparent to the Plaintiff Bessie Spriggins;

4. That Magnolia Hill, LLC knew or should have known in the exercise of reasonable care that there was a slippery substance on the floor;

5. That Magnolia Hill, LLC failed to take reasonable steps to warn its customers of the condition of the floor; and

6. The condition of the floor caused the plaintiff to fall and was a proximate cause of the Plaintiff Bessie Spriggins's injuries.

If the Plaintiff fails to prove any of these elements by a preponderance of the evidence, then you must return a verdict for Magnolia Hill, LLC.

{D0784883.1}
D0784883.1

Authority for Instruction No. ____

*Waller v. Dixieland Food Stores, Inc.*, 497 So. 2d 783 (Miss. 1986);
*J. C. Penney Co. v. Sumrall*, 318 So. 2d 829 (Miss. 1975)
*Yoste v. Wal-Mart Stores, Inc.*, 822 So. 2d 935 (Miss. 2002)

D-4

Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like or similar circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like or similar circumstances, or in failing to do something that a reasonable careful person would do under like or similar circumstances.

Plaintiff alleges that water, *or soap was on* the floor in the buffet areas. This alleged presence of water in the buffet area, claims Plaintiff, created a hazardous condition. Plaintiff has the burden of proving these assertions by a preponderance of the evidence, *and that it had actual or constructive notice of the hazardous condition.* Should plaintiff prove these allegations, you must next determine whether *defendant* was negligent in any of the following respects:

1. From the evidence, whether defendant and/or its agents/employees used reasonable care as a reasonably careful person would do relative to cleaning up the water on the floor of the buffet area, *if any.* If you find that the defendant did not do so, whether this failure to use reasonable care to clean up the water on the floor in the buffet area was the sole proximate cause or proximate contributing cause of the plaintiff falling on the wet floor and plaintiff's resulting injuries.

2. From the evidence, whether defendant and/or its agents/employees used reasonable care *if you determine there was a spill,* as a reasonably careful person would do relative to staying with the spill until it was cleaned up as per the defendant's policy, and if not, whether this failure to use reasonable care to stay with the spill until it was cleaned up as per the defendant's policy was the sole proximate cause or proximate contributing cause of the plaintiff falling on the wet floor and plaintiff's resulting injuries.

3. From the evidence, whether defendant and/or its agents/employees used reasonable care *if aware of the alleged water)* as a reasonably careful person would do to warn somehow or then to mark the wet floor with            caution cones so that the wet area would be recognizable to the plaintiff, and if not, whether this failure to use reasonable care to provide caution tape or cones around the wet floor was the sole proximate cause or proximate contributing cause of the plaintiff falling on the wet floor and plaintiff's resulting injuries.

Again, plaintiff has the burden to prove any or all of her claims by a preponderance of the evidence. The defendant does not have any such burden.

BESSIE SPRIGGINS                                                                    PLAINTIFF

vs.                                                    CIVIL ACTION NO. 3:14cv132 HTW-LRA

MAGNOLIA HILL, LLC D/B/A
RIVERWALK CASINO HOTEL, LLC;
AND JOHN DOES 1-3                                                                   DEFENDANTS

## JURY INSTRUCTION NO. _____

You are instructed that in order for the Plaintiff to prove Magnolia Hill, LLC had constructive notice of any alleged dangerous condition on its premises, she must show that the condition existed on its premises for a sufficient period of time to establish constructive knowledge. Thus, if the plaintiff has not proved by a preponderance of the evidence that the alleged dangerous condition existed on Magnolia Hill, LLC's premises for a sufficient amount of time, then it is your sworn duty to return a verdict for the defendant.

D-17

Authority for Instruction No. _____

*Criss v. Lipscomb Oil Company*, 990 So. 2d 771, 773 (Miss. App. 2008)
*Jacox v. Circus Circus Mississippi, Inc.*, 908 So.2d 181,184-5 (Miss. App. 2005)
*Ballard v. Watkins*, 2006 WL 1460721 (Miss. App. 2006)

D-17

BESSIE SPRIGGINS                                                    PLAINTIFF

vs.                                              CIVIL ACTION NO. 3:14cv132 HTW-LRA

MAGNOLIA HILL, LLC D/B/A
RIVERWALK CASINO HOTEL, LLC;
AND JOHN DOES 1-3                                                   DEFENDANTS

## JURY INSTRUCTION NO. ____

The Court instructs the jury that while on the premises of Magnolia Hill, LLC, Plaintiff Bessie Spriggins had a duty to exercise reasonable care to observe any hazard on the floor which could cause injury to her and which was readily apparent, and to use that degree of care and prudence which a person of ordinary intelligence would exercise under the same or similar circumstances and, if you believe from a preponderance of the evidence in this case that the plaintiff Bessie Spriggins failed to do so, then she was guilty of negligence.

If you believe that the Plaintiff Bessie Spriggins' negligence was the sole cause of the accident, then you are instructed to return a verdict for defendant.

If you believe from a preponderance of the evidence that the negligence, if any, of the Plaintiff Bessie Spriggins was a contributing proximate cause of the accident and injuries and damages, if any, suffered by her when she fell, then you shall reduce any damages you award Plaintiff Bessie Spriggins, if any, by the proportion or amount Bessie Spriggins' negligence contributed to her injuries.

D-10

Authority for Instruction No. \_\_\_\_

*Massey v. Tingle*, 867 So. 2d 235, 239-240 (Miss. 2004)
*Ware v. Frantz*, 87 F. Supp. 2d 643 (S.D. Miss. 1999)
 *Frazier v McDonald's Restaurants of Mississippi*, 102 So. 3d 341, 345 (Miss. 2012)
*King v. Kroger Company*, 787 So. 2d 677 (Miss. 2001)
Miss Code Ann. §85-5-7

D-10

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BESSIE SPRIGGINS                                                          PLAINTIFF

vs.                                                      CIVIL ACTION NO. 3:14cv132 HTW-LRA

MAGNOLIA HILL, LLC D/B/A
RIVERWALK CASINO HOTEL, LLC;
AND JOHN DOES 1-3                                                   DEFENDANTS

### JURY INSTRUCTION NO. _____

The Court instructs the jury that in a case such as this, where requested, the Court may

instruct the jury on the measure of damages. The Court does not know whether you will reach

the question of damages, because the Court does not know whether your verdict will be for the

Plaintiff or for the Defendant. The Court gives such instructions on the measure of damages so

that you may be enlightened on all legal phases of the case, but you must not think that because

these instructions have been given on this subject, that you must award any damages whatsoever

to the Plaintiff. You are instructed that the arguments of lawyers for both sides are not any

evidence of damages one way or the other. You are instructed that the amounts sued for are no

measure of damages. You are further instructed that the burden is on each Plaintiff to prove by a

preponderance of the evidence that they have suffered damages in this case.

D-14

{D0784883.1}
D0784883.1

Authority for Instruction No. ___

*Potts v. Mississippi Department of Transportation,* 3So. 3d 810, 813 (Miss. Ct. App. 2009)
*Courtney v. Glen,* 782 So. 2d 162, 166 (Miss. Ct. App. 2000)

Fifth Circuit Pattern Jury Inst. (2016) § 4.8; § 15.1

D-14

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**BESSIE SPRIGGINS**                                                      **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 3:14cv132 HTW-LRA**

**MAGNOLIA HILL, LLC D/B/A**
**RIVERWALK CASINO HOTEL, LLC;**
**AND JOHN DOES 1-3**                                    **DEFENDANTS**

### JURY INSTRUCTION NO. P 2

The Court instructs the jury that if your verdict be for the Plaintiff, Bessie Spriggins, in this cause, in arriving at the amount of your verdict, you may take into consideration any or all of the following elements of damages, if any, which you find from a preponderance of the evidence in this case to have resulted from the negligence, if any, of the Defendant.

(a) All ~~past~~ pain, suffering and mental anguish, , sustained by the Plaintiff as a result of the injuries, if any, which she sustained.

(b) The cost of *reasonably and* all medical bills *incurred* necessarily incurred

*by* the Plaintiff.

In arriving at the amount of your verdict, you should award the Plaintiff such an amount of money which you feel will adequately and reasonably compensate the Plaintiff for any and all of the above listed elements of damage, if any, which you find from a preponderance of the evidence in this case to have resulted from the negligence, if any, of the Defendant.

You are instructed by the Court that in determining the amount of any damages to be awarded to Plaintiff, you should not award any damages for any physical or mental condition or impairment of Plaintiff which either pre-existed the date of the accident sued upon, or which was not proximately caused by the accident of February 14, 2013, but you may only award the damages for any injury and damages sustained by Plaintiff as a proximate result of the accident sued upon.

D-13

Authority for Instruction No. ___

*Potts v. Mississippi Department of Transportation*, 380 So. 3d 810 (Miss. App. 2009)

{D0784883.1}
D0784883.1

BESSIE SPRIGGINS                                          PLAINTIFF

vs.                                    CIVIL ACTION NO. 3:14cv132 HTW-LRA

MAGNOLIA HILL, LLC D/B/A
RIVERWALK CASINO HOTEL, LLC;
AND JOHN DOES 1-3                                         DEFENDANTS

## JURY INSTRUCTION NO. _____

You are instructed that the plaintiff was under a duty after suffering harm, if any, to

exercise due care and take reasonable steps to avoid or diminish the damages resulting from that

harm. You are further instructed that the plaintiff is not entitled to damages for the harm that

she could have avoided by the use of due care, nor for the harm which proximately resulted from

plaintiff's own conduct which contributed to plaintiff's damages, if any.

If you find that Bessie Spriggins failed to mitigate her damages, if any, or that she failed

to use due care to avoid any alleged harm, *pie and* then you must not award damages for the harm that

Bessie Spriggins could have avoided by the use of due care.

D-16

Authority for Instruction No. _____

Model Jury Instruction - Civil 11:6.

{D0784883.1}
D0784883.1

BESSIE SPRIGGINS                                          PLAINTIFF

vs.                                    CIVIL ACTION NO. 3:14cv132 HTW-LRA

MAGNOLIA HILL, LLC D/B/A
RIVERWALK CASINO HOTEL, LLC;
AND JOHN DOES 1-3                                        DEFENDANTS

### JURY INSTRUCTION NO. _____

The Court instructs the jury that Mississippi law recognizes two categories of damages, economic and non-economic damages.

Non-economic damages are those damages that are subjective and non-pecuniary, such as pain, suffering, inconvenience, mental anguish, worry, emotional distress, physical impairment, humiliation, and embarrassment.

Economic damages are those damages that are objectively verifiable pecuniary damages such as medical expenses, and any other objectively verifiable monetary losses.

D-20

D-20

Authority for Instruction No. ___

M.C.A. §11-1-69
Miss. Model Jury Instructions Civil §11:5
*Moore v. Kroger* 800 F. Supp. 429 (N.D. Miss. 1992)
*White v. Thompson,* 310 So.2d 914 (Miss. 1975)

D-20

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BESSIE SPRIGGINS                                    PLAINTIFF

vs.                                    CIVIL ACTION NO. 3:14cv132 HTW-LRA

MAGNOLIA HILL, LLC D/B/A
RIVERWALK CASINO HOTEL, LLC;
AND JOHN DOES 1-3                                    DEFENDANTS

### JURY INSTRUCTION NO. ____

  The Court instructs the jury that you have no right to compromise in your verdict between the question of liability and the amount of damages; that if you find according to the law given to you in the instructions of the Court, under the evidence of this case, that the Defendant is not liable, then the Plaintiff is not entitled to recover any sum of money whatsoever from the Defendant and it is your sworn duty to so find by your verdict.

  You must not arrive at your verdict by lot or by chance. Not one of you should consent to a verdict which does not meet with the approval of your own judgment and conscience after due deliberation with your fellow jurors and fairly considering all the evidence submitted by the Court and the law as given in the instructions of the Court; and unless you find from a preponderance of the evidence in this case that the Defendant was guilty of negligence which proximately caused or contributed to the Plaintiff's damages, if any, then it is your duty to find for the Defendant.

D-7

{D0784883.1}
D0784883.1

Authority for Instruction No. ___

Mississippi Model Jury Instructions, § 1:46

{D0784883.1}
D0784883.1

## REFERENCES

*Brake v. Speed*, 605 So.2d 28, 33 (Miss.1992)

## 8A

## DUTY TO DELIBERATE
## (WHEN ONLY THE PLAINTIFF
## CLAIMS DAMAGES)

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that Plaintiff should, or should not, prevail in this case.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

**9**

## VERDICT FORMS

Upon retiring to the jury room you should first select one of your number to act as your foreman or forewoman who will preside over your deliberations and will be your spokesman here in court. A form of verdict has been prepared for your convenience.

*[Explain verdict]*

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreman fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreman or forewoman, and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

## STATE LAW CLAIMS INSTRUCTIONS

This is a defensive claim and the burden of proving that claim, by a preponderance of the evidence, is upon the Defendant who must establish:

1. That the Plaintiff was "negligent;" and

2. That such negligence was a "*proximate* cause" of the Plaintiff's own damage.

The definition and explanation given a moment ago concerning the term "*proximate* cause" also applies with regard to that element of the Defendant's contributory negligence defense.

If you find in favor of the Defendant on the defense of contributory negligence, that will not prevent recovery by the Plaintiff, it only reduces the amount of Plaintiff's recovery. In other words, if you find that the accident was due partly to the fault of the Plaintiff, that his own negligence was, for example, 10% responsible for his own damage, then you would fill in that percentage as your finding on the special verdict form I will explain in a moment. Such a finding would not prevent the Plaintiff from recovering; the Court will merely reduce the Plaintiff's total damages by the percentage that you insert. Of course, by using the number 10% as an example, I do not mean to suggest to you any specific figure at all. If you find that the Plaintiff was negligent, you might find 1% or 99%.